IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JEANNE M. CALAMORE,

    Plaintiff,

v.

JUNIPER NETWORKS INC.,

    Defendant.

No. C07-01772 MJJ

**ORDER PARTIALLY LIFTING STATUTORY DISCOVERY STAY FOR PURPOSES OF PRELIMINARY INJUNCTION HEARING**

Pursuant to order of the Court stated on the record at the April 10, 2007 hearing on Plaintiff's request for a temporary restraining order, Plaintiff Jeanne M. Calamore and Defendant Juniper Networks Inc. ("Juniper") have submitted case citations to the Court (Docket Nos. 19 & 20) regarding the disputed issue of whether the automatic stay provisions of the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B), should apply to discovery in advance of the June 1, 2007 preliminary injunction hearing set in this matter.

Having reviewed the materials and case authorities provided by the parties, the Court finds that the stay provisions in the PSLRA apply even to individual, non-class actions premised on Section 14(a) of the Exchange Act "during the pendency of any motion to dismiss." *Newby v. Enron Corp.*, 338 F.3d 467, 470-73(5th Cir. 2003). The automatic stay provision of the PSLRA is triggered by the mere indication by the defendant of its intention to file a motion to dismiss, which Juniper has provided (Docket No. 21).[1] *In re Carnegie Int'l Corp. Sec. Litig.*, 107 F. Supp.2d 676, 683 (D. Md. 2000). Accordingly, the stay can only be lifted if this Court finds that "particularized

---

[1] Juniper has requested, through an administrative motion, that its motion to dismiss be set on the same briefing and hearing schedule as Plaintiff's motion for a preliminary injunction. The Court does not address that request in this order.

discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B).

In light of the issues raised in the parties' TRO papers, and the specific need that Plaintiff has articulated for particularized discovery into the allegedly irreparable and immediate nature of the alleged harm for purposes of the preliminary injunction hearing, the Court hereby finds that it is appropriate to partially lift the stay to prevent "undue prejudice" to Plaintiff. The Court finds that Plaintiff would not have an adequate opportunity, following a favorable resolution of Juniper's motion to dismiss, to undertake discovery into the allegedly irreparable and immediate nature of the alleged harm in time to make use of it for the preliminary injunction hearing. *Accord Medical Imaging Centers of America v. Lichtenstein*, 917 F. Supp. 717, 721 n.3 (S.D.Cal 1996). Moreover, partially lifting the stay for limited discovery on this topic would not frustrate the legislative purposes of the statutory stay, which are to minimize the incentives for plaintiffs to file frivolous securities class actions in the hopes either that corporate defendants will settle those actions rather than bear the high cost of discovery, or that the plaintiff will find during discovery some sustainable claim not alleged in the complaint. *In re Royal Ahold N.V. Sec & ERISA Lit.*, 220 F.R.D. 246, 249 (D. Md. 2004). Neither rationale underlying the PSLRA's discovery stay provision is implicated here by permitting limited and particularized discovery into the irreparable and immediate nature of the alleged harm.

Accordingly, this Court partially lifts the statutory stay to permit particularized discovery regarding the irreparable and immediate nature of the harm alleged by Plaintiff. The parties shall meet and confer regarding a discovery plan consistent with the preliminary injunction briefing schedule ordered by the Court at the April 10, 2007 hearing, and shall file their proposed plan, identifying any areas of disagreement requiring resolution by the Court, no later than 2 p.m. on Friday, April 13, 2007.

**IT IS SO ORDERED.**

Dated: 4/12/07

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

2