IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNE M. CALAMORE, | No. C07-01772 MJJ |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER** |
| v. | |
| JUNIPER NETWORKS INC., | |
| Defendant. | |

**INTRODUCTION**

Before the Court is Plaintiff Jeanne M. Calamore's Application For a Temporary Restraining Order (Docket No. 4.) After considering Defendant Juniper Networks Inc.'s opposition, Plaintiff's reply, and the parties' oral arguments at the hearing, the Court **DENIES** Plaintiff's Application for the following reasons.

**FACTUAL BACKGROUND**

Plaintiff Jeanne M. Calamore, who owns 140 shares of common stock of Defendant Juniper Networks Inc., filed a complaint in this action on March 28, 2007 alleging violations of section 14(a) of the Securities Exchange Act and SEC Rule 14a-9 involving Juniper's 2006 proxy statement. Plaintiff contends that this proxy statement, which was used to solicit shareholder votes for approval of a new 2006 Equity Incentive Plan ("Plan"), contained false or misleading statements and omissions of material fact with respect to certain stock option backdating practices that Juniper has since acknowledged existed. Plaintiff's complaint, which is not brought as a class action or a

stockholder derivative suit, does not seek damages, but instead seeks temporary and permanent injunctive relief in the form of: (1) voiding the vote of shareholders for the 2006 Plan, (2) cancelling the 2006 Plan and any securities (including stock options) issued pursuant to that Plan, (3) voiding the issuance of any stock issued pursuant to the 2006 Plan, and (4) prohibiting the payment of any consideration to replace cancellation or voiding of such securities.

Plaintiff now seeks a temporary restraining order that prevents Juniper from issuing any further stock options or other common stock pursuant to the 2006 Plan.

## LEGAL STANDARD

To prevail on a motion for a temporary restraining order, Plaintiff must show: (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to Plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring Plaintiff, and (4) advancement of the public interest (in certain cases). *See Rodde v. Bonta*, 357 F.3d 988, 994 (9th Cir. 2004). Alternatively, injunctive relief could be granted if Plaintiff "demonstrate[d] either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in [her] favor." *Id.* These two alternatives represent extremes of a single continuum, rather than two separate tests. *Id.* (citing *Clear Channel Outdoor Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir.2003). As a result, the greater the relative hardship to the party seeking the preliminary injunction, the less probability of success must be established by that party. *Id.*

## ANALYSIS

**A.   Irreparable Harm.**

Plaintiff contends that irreparable harm is shown because issuance of additional shares pursuant to the 2006 Plan is imminent and "cannot be returned to shareholders." Defendant counters that Plaintiff is unable to show either the immediate or the irreparable nature of the asserted harm, and further contends that the requested temporary restraining order would cause extensive harm to Juniper's ability to recruit and retain employees.

The Court is not convinced by Plaintiff's arguments that the issuance of additional stock

1  under the 2006 Plan over the next seven weeks[1] constitutes an irreparable harm either to her or to
2  other shareholders. Plaintiff credibly argues that, assuming she can establish her case on the merits,
3  the fact that the stockholder vote approving the 2006 Plan was solicited "under false pretenses"
4  constitutes a form of injury to her and other stockholders. However, ths injury took place in May
5  2006, and the temporary restraining order sought by Plaintiff does not directly seek to undo or void
6  the results of that stockholder vote. Instead, the temporary restraining order sought by Plaintiff
7  seeks only to restrain further issuance of shares under the 2006 Plan until the preliminary injunction
8  hearing. Plaintiff, however, fails to adequately establish that further issuance of stock under the Plan
9  will "result in immediate irreparable harm" to her or other stockholders. Plaintiff offers only the
10 conclusory argument that the harm is irreparable because the stock "cannot be returned to
11 shareholders," but this fails to elucidate the irreparable nature of the alleged harm.[2] Plaintiff has not
12 established, and the Court does not see a basis for concluding, that the relief ultimately sought by
13 Plaintiff (voiding of the 2006 vote, the Plan, and stock issued under the Plan) will be less obtainable
14 or of less value if preliminary injunctive relief is not entered in this case.

15       Plaintiff's primarily effort to establish irreparable harm appears to be her contention that
16 misrepresentations that deny shareholders the ability to cast a fully informed vote on a plan, ***by their***
17 ***very nature***, constitute irreparable injury. But the very cases that Plaintiff relies on show that
18 Plaintiff's argument misses the mark. Both *Wininger v. SI Mgmt L.P.*, 33 F. Supp. 2d 838, 848
19 (N.D. Cal. 1998) and *Krauth v. Executive Telecard*, 890 F. Supp. 269, 287 (S.D.N.Y. 1995) involved
20 situations in which the district court was considering preliminary injunctive relief to prevent
21 distribution of an upcoming proxy statement ***before*** the shareholder vote had taken place. This
22 Court sees far less rationale for preliminary injunctive relief where the shareholder vote has already
23 taken place, and Plaintiff fails to show that the temporary relief she seeks would operate to prevent

---

[1] The Court has tentatively set a preliminary injunction hearing in this matter for June 1, 2007.

[2] Juniper convincingly demonstrates that any dilution of Plaintiff's shares caused by further issuance of stock would be remediable by money damages. In any event, Plaintiff insists that she does not seek any money damages in this matter, so dilution of the value of her stock holdings cannot be basis of her claim of irreparable harm.

3

1 further injury to her or other stockholders in the interim that is irreparable in nature.[3]

2 The Court also has serious reservations about granting a temporary restraining order when
3 the record before it does not establish the immediacy of the alleged harm that would otherwise
4 result. Though the record reflects a likelihood that Juniper will continue a standard practice of using
5 stock options in connection with employment offers and performance-based compensation, there is
6 little evidence in the record indicating that the number of shares that would be issued between today
7 and the date of a preliminary injunction hearing is particularly significant compared to the number of
8 shares already issued since the Plan was adopted in May 2006. Moreover, it is undisputed on the
9 record before the Court that the next options grant to directors of 120,000 shares will not take place
10 until May 2007, and will only begin vesting on a monthly basis in June 2007, after the preliminary
11 injunction hearing set in this case.

**B.   Balancing Of The Hardships**

13 In contrast to the general harm that Plaintiff articulates but fails to adequately link to the
14 issuance of further stock options, the harm that Juniper will suffer from Plaintiff's requested
15 temporary restraining order is considerable and backed by evidence. Juniper persuasively argues
16 that a grant of the temporary restraining order would cause a serious disruption to its recruiting and
17 retention capabilities, and corporate reputation, in a competitive labor market, as well as cast a cloud
18 over numerous employment contracts and employment offers already in existence. Gaynor Decl., ¶
19 ¶ 1-7. Also weighing against grant of the temporary restraining order is that the requested
20 injunctive relief does not, contrary to Plaintiff's assertions, appear to merely preserve the status quo,
21 as Juniper has regularly engaged in business practices of using stock options to recruit and retain
22 employees.

---

[3] In considering the extent of the harm that would be caused if a temporary restraining order does not issue, this Court also finds relevant that Plaintiff's lawsuit seeks relief on behalf of herself alone – the action is not a shareholder derivative suit nor a class action. Plaintiff nonetheless asserts that the Court should take into account the aggregate harm caused to all other stockholders, citing *J.I. Case Co. v. Borak*, 377 U.S.426, 432 (1964) for the proposition that "[t]he injury which a stockholder suffers from corporate action pursuant to a deceptive proxy solicitation ordinarily flows from the damage done the corporation, rather than from the damage inflicted directly upon the stockholder." As a preliminary matter, the Court notes that *Borak* faced a distinctly different type of lawsuit, as the action was filed "as a class action on behalf of himself and all other Case shareholders who are similarly situated." *See J.I. Case Co. v. Borak*, 317 F.2d 838, 842 n.6 (7th Cir. 1963), *aff'd*, 377 U.S. 426 (1964). However, even accepting Plaintiff's premise for purposes of resolving this Application, Plaintiff has not adequately linked the general (and already suffered) injury to the stockholders as described in *Borak* to any specific, incremental injury that has yet to occur and would be effectively prevented by issuance of a temporary restraining order.

4

1  Moreover, to the extent that Plaintiff is correct that this Court should consider harm not only
2  to herself but to other shareholders, the Court concludes on this record that the harm that the
3  temporary restraining order would cause to Juniper's reputation, recruiting and retention would
4  ultimately cause a harm to Juniper's shareholders as well.  Weighing the balance of hardships, the
5  Courts finds that this factor weighs considerably against the issuance of a temporary restraining
6  order.

**C.    Likelihood of Success on the Merits**.

8  The Court finds, on the record before it, that Plaintiff has raised serious questions regarding
9  the contents of the 2006 proxy statement and its impact on the 2006 shareholder vote approving the
10 Plan, particularly her contention that it omitted material facts regarding earlier practices at Juniper in
11 which stock options were not granted at fair market value.[4]  Given that Juniper announced only four
12 days after the May 2006 shareholder vote that its audit committee was starting an investigation into
13 backdating issues with the assistance of independent counsel, and that Juniper was also responding
14 to a request for information on backdating to the U.S. Attorney, there are serious questions about
15 whether Juniper had in its possession, before the vote took place, material information about its past
16 stock option practices that it failed to disclose to shareholders.  However, the Court also notes that
17 the force of Plaintiff's arguments on the merits, and therefore the Court's evaluation of Plaintiff's
18 likelihood of success on the merits, is somewhat uncut by portions of the record currently before the
19 Court that indicate the backdating practices in question may have ceased as early as 2003.  Such a
20 fact, if established, would reduce the materiality of the alleged omissions in the 2006 proxy
21 statement.  Nonetheless, the Court finds that Plaintiff has raised serious questions regarding her
22 likelihood of success on the merits.

**D.    Public Interest.**

24 Plaintiff has not advanced any argument that the temporary restraining order she seeks
25 advances the public interest, and the Court finds that the record before it does not indicate that this
26 factor would weigh in favor of granting interim injunctive relief at this time.

---

[4] Juniper does not specifically address the issue of material omissions in its opposition, instead indicating that it "intends to address this point more fully in opposing plaintiff's request for a preliminary injunction."

5

**CONCLUSION**

The Court finds that Plaintiff has not made an adequate showing under the standards articulated by the Ninth Circuit for temporary restraining orders. *See Rodde v. Bonta*, 357 F.3d 988, 994 (9th Cir. 2004). In particular, Plaintiff has made an insufficient showing of irreparable and immediate harm. Moreover, the record before this Court indicates that balance of hardships favors not issuing interim injunctive relief at this time. For all of the reasons set forth above, as well as those articulated by the Court at oral argument, the Court **DENIES** Plaintiff's Application.

**IT IS SO ORDERED.**

Dated: 4/12/07

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE